On Petition for Rehearing.

Per Curiam.

It is said, in the petition for rehearing, that the following statement in the original opinion is erroneous, viz:
‘ ‘ The American company having become embarrassed, had closed down operations at the mill, owing $10,000.00 to the First National Bank of Denver, and $5,000.00 or $6,000.00 to The F. M. Davis Iron Works Company, ivhich amounts ivere liens upon the property.”
The testimony of Mr. Frank is:
“I think the obligation in the National Bank was a note, and the obligation of the F. M. Davis Works was an open account, secured hy receiver’s certificates of The United States Economic Redticiion Company.”
If secured by receiver’s certificates, these obligations were liens upon the property.
The above testimony is undisputed.
The commission contract, upon which this action is based, did not limit the agent’s right to a. commission upon the sale of Frank’s interest in the cyanide plant, or the payment of any portion of the purchase price t.o Frank, but stipulated for the payment of a commission, upon the production or introduction of a customer who should purchase such cyanide plant on terms satisfactory to Frank.
The agent produced a customér, to whom thé sale was made; a portion of the purchase price of the cyanide plant has been paid; the agent is entitled to the agreed commission.
If it was Frank’s intention to limit his liability *170 to-the payment of a commission upon the purchase price of 1ns interest in the cyanide plant, and up'on such portion of the purchase price as was paid Mm, he should have done so in his contract. The contract does not so read.
All testimony contradictory of the contract was irrelevant and immaterial, and was properly disregarded by the court in its findings.
The petition for rehearing is denied.

Denied.